UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In Re:                                                                                          Chapter 7

JOSEPH M. DeMAURO,                                                          Case No.: 13-18665-MAM

      Debtor.
_____/

## TRUSTEE'S MOTION TO FILE DOCUMENT UNDER SEAL

Margaret J. Smith, the Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Joseph M. DeMauro (the "Debtor") hereby files the Motion (the "Motion") for entry of an order substantially in the form attached hereto as **Exhibit "A"**, authorizing the filing of the Trustee's Motion for Entry of Third Order Requesting Assistance (the "Assistance Motion") under seal pursuant to 11 U.S.C. § 107(b)(1), Federal Rule of Bankruptcy Procedure 9018, and Local Bankruptcy Rule 5005-1(A)(4)(b). In support of her Motion, the Trustee states as follows:

1. The Trustee seeks to file the Assistance Motion under seal to protect the confidentiality of her investigations and prevent further dissipation of assets of the bankruptcy estate. The Assistance Motion is predicated on the findings and analysis of the Trustee's investigations of the Debtor's wealth as well as her contemplated discovery and asset recovery efforts.

2. Section 107(b)(1) of the Bankruptcy Code provides that the Court *shall* protect an entity's confidential research upon request by a party in interest. *See* 11 U.S.C. 107(b)(1) ("On request of a party in interest, the bankruptcy court *shall* … protect any entity with respect to … confidential research.") (emphasis added). Courts have found that the work conducted in

confidential investigations, such as the contemplated work that the Trustee seeks to conduct, and the suspicions that were harbored because of the information obtained through the confidential investigations constitute confidential research. *See In re Transbrasil S.A.Linhas Aéreas*, No. 11-19484-BKC-AJC, 2014 WL 1655990, at *1 (Bankr. S.D. Fla. Apr. 25, 2014), *aff'd,* 644 F. App'x 959 (11th Cir. 2016). Further, the Court is authorized under Bankruptcy Rule 9018 to "make any order which justice requires (1) to protect the estate or any entity in respect of … confidential research." Fed. R. Bankr. P. 9018.

3. Various courts have held that concerns of concealment and dissipation of assets are considered interests deserving of sealing orders, especially when, as here, there is a history of prior conduct. *See, e.g.*, *Fed. Trade Com'n v. USA Beverages, Inc.*, 2005 WL 3676636, *2 (S.D. Fla. 2005) (granting *ex parte* motion to seal file and docket because of risk of further dissipation of assets by defendants); *Commodity Futures Trading Com'n v. Bolze*, 2009 WL 605248, *1 (E.D. Tenn. Mar. 3, 2009) (granting *ex parte* motion to seal file to prevent defendant from hiding assets). As demonstrated by the

4. Here, the Assistance Motion discusses in detail the Trustee's confidential research because it describes the information obtained by the Trustee and her professionals. The Assistance Motion also presents the Trustee's blueprint for the contemplated proceedings and results such proceedings will hopefully achieve. The Trustee is justifiably concerned that revelation of the information in the Assistance Motion could cause prejudice to realization of the fruits of her investigation.

5. As the Court is aware, the Trustee has undertaken extensive efforts, made at significant expense, to conduct her investigations in a confidential manner. Due to these efforts, the Trustee has made significant progress, resulting in the entry of settlement with a third party

that will generate significant recovery for the estate. *See* D.E. 422 & 428. The Assistance Motion details further proceedings to follow-up on leads obtained through her prior efforts.

6.       Thus, the Trustee requests that the Court grant leave to file the Assistance Motion under seal to protect her confidential research, preserve the confidential nature of the information disclosed in the Assistance Motion, and to prevent the risk of asset dissipation that may occur if such information were made public.

WHEREFORE, the Trustee respectfully requests that the Court grant leave to file the Assistance Motion, and any further pleading or order related to the Assistance Motion, under seal. A proposed order is attached hereto as **Exhibit "A"**.

Dated: February 26, 2021.

Respectfully submitted,

SEQUOR LAW, P.A.
*Special Counsel to the Ch. 7 Trustee*
1111 Brickell Drive, Suite 1250
Telephone (305) 372-8282
Facsimile (305) 372-8202
Designated E-Mails for Service:
Primary: edavis@sequorlaw.com
Primary: jmendoza@sequorlaw.com

By:   */s/ Juan J.Mendoza*
Edward H. Davis, Jr.
Florida Bar No. 704539
Juan J. Mendoza
Florida Bar No. 113587

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on February 26, 2021, upon all interested parties registered to receive notice via this Court's CM/ECF electronic notification system and that a true and correct copy of the foregoing motion was also served on the United States Trustee via e-mail at USTPRegion21.MM.ECF@usdoj.gov on February 26, 2021.

*/s/ Juan J. Mendoza*
Juan J. Mendoza

3

*EXHIBIT "A"*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In Re:

JOSEPH M. DeMAURO,                                              Chapter 7

    Debtor.                                                      Case No.: 13-18665-MAM

_____/

**ORDER GRANTING TRUSTEE'S MOTION
TO FILE DOCUMENT UNDER SEAL**

This cause came before the Court on February \_\_\_, 2021, upon the *Motion to File Document Under Seal* (the "Motion") filed by the Chapter 7 Trustee, Margaret J. Smith (the "Trustee"), seeking to file under seal the Trustee's Motion for Entry of Third Order Requesting Assistance. The Court has reviewed the Motion and is otherwise informed on the matter. Accordingly, it is hereby

ORDERED and ADJUDGED that:

1.    The Motion is **GRANTED**.

5

2. The Motion for Entry of Third Order Requesting Assistance, and any related pleading or order, including any objection thereto, shall be filed and remain under seal pending further order of the Court.

3. The Clerk shall maintain the aforementioned documents under seal and not otherwise make such documents public except if required by further order of the Court until the resolution of the above-captioned case, at which time, the aforementioned documents or filings shall be returned to the Trustee and her counsel.

###

Submitted by:

Edward H. Davis, Esq.
Juan J. Mendoza, Esq.
SEQUOR LAW, P.A.
1111 Brickell Avenue, Suite 1250
Miami, Florida 33131
Telephone: 305-372-8282
Facsimile: 305-372-8202
E-Mail: edavis@sequorlaw.com
jmendoza@sequorlaw.com